# U.S. PROBATION OFFICE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

## PETITION FOR SUMMONS FOR OFFENDER UNDER SUPERVISION

**Name of Offender:** Dustin McPhetridge      **Docket Number:** 2:15-CR-05000-001

**Name of Sentencing Judicial Officer:** The Honorable Joseph H. McKinley, Jr.
United States District Judge
(Western District of Kentucky)

**Name of Presiding Judicial Officer:** The Honorable J. Ronnie Greer
United States District Judge
(Eastern District of Tennessee)

**Date of Original Sentence:** November 12, 2008

**Original Offense:** Travel in Interstate Commerce to Engage in Illicit Sexual Conduct

**Class:** B Felony      **Criminal History Category:** I

**Original Sentence:** 60 months imprisonment, followed by a Life term of supervised release

**Transfer of Jurisdiction - January 9, 2015:** Jurisdiction of the case was transferred from the Western District of Kentucky-Bowling Green to the Eastern District of Tennessee-Greeneville

**Modification of the Conditions of Supervision - February 11, 2015:** Conditions were modified to include all sex offender conditions listed in Local Rule 83.10(b)

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** March 21, 2013

**Date Supervision Expires:** LIFE

**Assistant U.S. Attorney:** Andrew Parker

**Defense Attorney:** To Be Determined

**Revocation Guideline Range:** 3 - 9 months      **Statutory Maximum:** 36 months

******************************************

# PETITIONING THE COURT

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **Standard Condition No. 3:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |
| 2 | **Additional Condition No. 14:** The defendant shall participate in a sex offender counseling program approved by the U.S. Probation Office and shall abide by the policies of the program and pay the costs of said program. |
| 3 | **Local Rule 83.10(b)(1):** The defendant shall participate in a program of sex offender mental health treatment at his/her own expense, as approved by the probation officer, until such time as he/she is released from the program by the probation officer. The defendant shall comply with the policies and procedures of the treatment program. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the United States Probation Officer, and to authorize open communication between the probation officer and the treatment providers. |
| 4 | **Local Rule 83.10(b)(8):** The defendant shall submit to polygraph testing at his/her expense, as directed by the probation officer, in order to determine if he/she is in compliance with the conditions of supervision, or to facilitate sex offender treatment. The defendant shall be truthful during polygraph evaluations. |

Mr. McPhetridge began sex offender treatment at Counseling and Consultation Services, Inc. (CCS) in January 2015. The offender has attended sex offender treatment as required. Mr. McPhetridge has failed to make any measurable progress while participating in sex offender treatment. The offender has failed to make any significant progress in addressing his sexual offense dynamics and his established goals while participating in sex offender treatment.

On or about June 18, 2018, the offender was given a polygraph examination. During the pre-test review, Mr. McPhetridge disclosed no contact with anyone under the age of 18. The offender was asked the following question on the polygraph exam: "Since January 2018, have you been alone with

anyone you knew to be under 18 years old?" The offender answered, "NO." This response was deemed untruthful. During the post-test interview, Mr. McPhetridge stated he failed to inform the examiner that he talked to a 16-year-old boy at G2K Games, refuting his answer to the previously stated question.

On or about July 19, 2018, Mr. McPhetridge was given a polygraph examination. During the pre-test interview, the offender stated the only contact he has had with any individual under the age of 18 was the 16-year-old male at G2K Games. The offender further stated he had not been alone with any minors and had not contacted any minors on the Internet. The offender was asked the following questions on the polygraph exam: "Other than that boy at G2K Games, since January 2018, have you been alone with anyone you knew to be under 18 years old?" and "Since January 2018, have you accessed any social media networks to contact minors?" To both questions, the offender answered, "NO." The response was deemed untruthful. During the post-test interview, Mr. McPhetridge denied being alone with minors or contacting minors on social media.

On or about January 8, 2019, Mr. McPhetridge was given a polygraph examination. During the pre-test interview, the offender presented his log book of his daily activities. The offender stated he writes down everything so he can recall it for the polygraph exam. Mr. McPhetridge disclosed incidental contact with minors at the pharmacy, incidental contact with a 20-year-old male at Walmart, and incidental Internet usage by having his mother order items on Amazon and eBay. The offender was asked the following questions on the polygraph exam: "Since July 2018, have you been completely alone with a minor?" and he answered, "NO"; "Since July 2018, have you accessed the Internet?" and he answered, "NO"; and Since July 2018, have you viewed any pornography?" and he answered, "NO." The response to the viewing pornography question was deemed untruthful. During the post-test interview, Mr. McPhetridge denied viewing pornography, and he stated he had been fantasizing about women, to include women on television and to having "unnatural" thoughts about his cousin's girlfriend.

Mr. McPhetridge was afforded the opportunity to discus the outcome of each polygraph with his treatment group and treatment team. The offender was consistently challenged by both clinicians and group members to honestly evaluate his sexual offense dynamics and thinking processes. Although admitting to concerning activities during the post-interview portions for the polygraph, he maintained no involvement in risky or prohibited behavior. On or about February 7, 2019, Mr. McPhetridge attended his treatment session

at CCS. The offender was confronted about his lack of genuine effort in treatment. Mr. McPhetridge made no effort in dealing with his problematic activities. CCS has reported that based on his continued lack of progress in treatment, unwillingness to be open and honest with his treatment group and treatment team regarding treatment issues, and the uncertainty of his behaviors and activities in the community, Mr. McPhetridge has been discharged from sex offender treatment as a treatment failure.

**Assessment of Flight/Danger and Bond Recommendation:** Based on the above information, it appears the offender has failed to comply with the rules and conditions of sex offender treatment, failed to participate fully and honestly in sex offender treatment, failed to follow the instructions of the probation officer, and failed to comply with polygraph testing. This officer does not consider the offender to be a risk of flight. Based on the offender's previous criminal conduct, to include traveling to another state to engage in illicit sexual conduct with a 13-year-old female, possession of child pornography, and his refusal to cooperate, participate, and comply with the rules and restrictions of sex offender treatment, this officer does consider the offender a danger to the community. The offender was given the opportunity to disclose any and all problematic activities. With insistence by his group and with significant hesitation and attempts at explanation (appropriately countered by the group), the offender acknowledged only that he was masturbating to fantasies of late teen females that are possibly 17 years of age. Despite insistence of his group and the treatment team that he take full ownership and responsibility (e.g. a 38-year-old man masturbating to fantasies of minors), the offender defended his actions, stating they are most likely 18 and seeing no harm. Although he denied having given into the thoughts and urges, Mr. McPhetridge acknowledged increased struggle with thoughts of using pornography. The offender denied any engagement in any other behaviors that were even potentially problematic. Despite being reminded of his tenuous position with both treatment and probation, Mr. McPhetridge provided no further disclosure or insight to explain his lack of genuine effort in treatment or for his three failed polygraph examinations. Therefore, this officer respectfully recommends the offender be detained pending his revocation hearing.

**Petitioning the Court to order:**

That a summons be issued and the defendant be ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 22, 2019.

                                            Respectfully submitted,

                                            Robert C. Welch. II
                                            United States Probation Officer

APPROVED:

_____ 2019.02.22 08:55:09 -05'00'
C. Dan Thornton, Jr.                           Date
Assistant Deputy Chief United States Probation Officer

RCW:glr

**ORDER OF COURT:**

A summons is to be issued, and the defendant is ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked. This Petition is to be placed under seal until the defendant is arrested or appears in Court.

So ordered.

**ENTER.**

_____
**The Honorable J. Ronnie Greer**
**United States District Judge**